UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

PHILLIP BROWN,

        Petitioner,         Case Number: 09-11679

v.        HON. PATRICK J. DUGGAN

SHIRLEE HARRY,

        Respondent.
_____/

**OPINION AND ORDER (1) DENYING PETITIONER'S MOTION TO HOLD HIS PETITION IN ABEYANCE, (2) DISMISSING WITHOUT PREJUDICE THE PETITION FOR A WRIT OF HABEAS CORPUS AND, (3) DENYING WITHOUT PREJUDICE PETITIONER'S MOTIONS FOR EVIDENTIARY HEARING AND FOR APPOINTMENT OF COUNSEL**

At a session of said Court, held in the U.S.
District Courthouse, Eastern District
of Michigan, July 13, 2009.

PRESENT:    THE HONORABLE PATRICK J. DUGGAN
                   U.S. DISTRICT COURT JUDGE

On May 4, 2009, Petitioner Phillip Brown ("Petitioner") filed an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging his 2003 convictions in Oakland County Circuit Court for first-degree premeditated murder in violation of Michigan Compiled Laws Section 750.316(1)(a) and felonious assault in violation of Michigan Compiled Laws Section 750.82. The trial court sentenced Petitioner to concurrent terms of life without the possibility of parole and 23 to 48 months imprisonment. On the same date that he instituted this action, Petitioner filed a motion to stay the proceedings because he has matters pending in the state courts involving two of

his habeas claims. Petitioner also filed motions for an evidentiary hearing and for the appointment of counsel.

## Procedural Background

Following a jury trial in the Oakland County Circuit Court, Petitioner was convicted of the above-listed offenses. Petitioner filed a direct appeal in which he raised a number of challenges to his convictions. The Michigan Court of Appeals denied relief on those claims and affirmed Petitioner's convictions. *People v. Brown*, No. 247313 (Mich. Ct. App. Aug. 19, 2004). Petitioner sought leave to appeal with the Michigan Supreme Court, but the Court denied his application on June 28, 2005. *People v. Brown*, 472 Mich. 937, 698 N.W.2d 393 (2005).

On June 12, 2006, Petitioner filed a motion for relief from judgment in the trial court in which he raised six additional claims. The trial court denied the motion on August 10, 2006. The court denied reconsideration on March 29, 2007. Petitioner filed an application for leave to appeal with the Michigan Court of Appeals, which the court denied. *People v. Brown*, No. 283419 (Mich. Ct. App. May 12, 2008). The Michigan Court of Appeals denied reconsideration on July 15, 2008. Petitioner also sought leave to appeal with the Michigan Supreme Court, but the Court denied his application on March 23, 2009. *People v. Brown*, 483 Mich. 906, 762 N.W.2d 517 (2009).

Petitioner filed a habeas corpus complaint in the Manistee County Circuit Court on November 4, 2008, in which he raised a jurisdictional claim for the first time. The Manistee County Circuit Court denied the complaint on November 14, 2008. The court

denied Petitioner's request for reconsideration on March 13, 2009. The Michigan Court of Appeals denied Petitioner's request for habeas relief on April 8, 2009. On April 13, 2009, Petitioner filed his habeas corpus action in the Michigan Supreme Court. That action remains pending. On April 20, 2009, Petitioner also filed a delayed motion for new trial in the Oakland County Circuit Court raising a jury instruction claim for the first time. That motion also remains pending.

Petitioner filed the instant petition for habeas relief on May 4, 2009, alleging numerous claims including the jurisdictional defect claim and jury instruction claim that currently are pending in the state courts.

## Analysis

State prisoners must exhaust available state remedies for each of the claims presented in a habeas petition before seeking a federal writ of habeas corpus. *See* 28 U.S.C. § 2254(b)(1); *O'Sullivan v. Boerckel*, 526 U.S. 838, 845, 119 S. Ct. 1728, 1732 (1999) ("state prisoners must give the state courts one full fair opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process"); *Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994). State prisoners in Michigan must raise each claim in the Michigan Court of Appeals and in the Michigan Supreme Court before seeking federal habeas corpus relief. *See Manning v. Alexander*, 912 F.2d 878, 881 (6th Cir. 1990). The burden is on the petitioner to prove exhaustion. *Rust*, 17 F.3d at 160.

In this case, Petitioner states that he has a habeas action pending in the Michigan

Supreme Court concerning his jurisdictional claim and a delayed motion for new trial pending in the Oakland County Circuit Court concerning his jury instruction claim. Petitioner must complete the state court process on all of his claims before seeking habeas relief in federal court. *See Witzke v. Bell*, No. 07-CV-15315, 2007 WL 4557674 (E.D. Mich. Dec. 20, 2007); *Harris v. Prelisnik*, No. 06-CV-15472, 2006 WL 3759945 (E.D. Mich. Dec. 20, 2006). The state courts must first be given a fair opportunity to rule upon all of Petitioner's habeas claims before he can present those claims to this Court. Moreover, while Petitioner's pending state proceedings do not concern most of his current claims, those proceedings could result in the reversal of his convictions, thus mooting the federal questions presented in this case. *See Humphrey v. Scutt*, No. 08-CV-14605, 2008 WL 4858091, *1 (E.D. Mich. Nov. 5, 2008); *Porter v. White*, No. 01-CV-72798-DT, 2001 WL 902612, *3 (E.D. Mich. Aug. 6, 2001); *Szymanski v. Martin*, 99-CV-76196-DT, 2000 WL 654916, *2 (E.D. Mich. April 13, 2000).

      Petitioner asks the Court to hold his petition in abeyance pending the resolution of his state court proceedings. A federal court may stay a federal habeas petition and hold further proceedings in abeyance pending resolution of state court post-conviction proceedings if outright dismissal of a habeas petition containing unexhausted claims would jeopardize the timeliness of a future petition, there is good cause for the petitioner's failure to exhaust those claims, the unexhausted claims are not "plainly meritless," and "there is no indication that the petitioner engaged in intentionally dilatory litigation tactics." *Rhines v. Weber*, 544 U.S. 269, 278, 125 S. Ct. 1528, 1535 (2005).

Petitioner, however, has not shown the need for a stay. First, the one-year statute of limitations set forth in the Antiterrorism and Effective Death Penalty Act ("AEDPA"), 28 U.S.C. § 2244(d)(1), does not pose a problem for Petitioner as long as he promptly returns to this Court following the completion of his state court proceedings. The one-year limitations period did not begin to run until September 26, 2005 – 90 days after the conclusion of Petitioner's direct appeal. *See Bronaugh v. Ohio*, 235 F.3d 280, 285 (6th Cir. 2000). Less than nine months passed before Petitioner filed his motion for relief from judgment in the state trial court. The one-year period was then tolled during the time in which his motion was pending in the state courts– that being from June 12, 2006 to March 23, 2009. The one-year period is also tolled for the time in which his state habeas and new trial motions have been pending in the state courts, as long as those cases have been properly filed. *See* 28 U.S.C. § 2244(d)(2); *see also Carey v. Saffold*, 536 U.S. 214, 219-221 (2002).[1] Petitioner's state habeas action has been pending since November 4, 2008. His delayed motion for new trial has been pending since April 20, 2009. Petitioner filed the instant petition on May 4, 2009. He thus has more than three months remaining of the one-year period in which to seek federal habeas review.[2] Petitioner has

---

[1] While the time in which a habeas case has been pending in federal court is not statutorily tolled, *see Duncan v. Walker*, 533 U.S. 167, 181-82 (2001) (holding that a federal habeas petition is not an "application for State post-conviction or other collateral review" within the meaning of 28 U.S.C. § 2244(d)(2) so as to statutorily toll the limitations period), such time is equitably tolled by the Court. *See, e.g., Johnson v. Warren*, 344 F. Supp. 2d 1081, 1088-89 (E.D. Mich. 2004).

[2] In other words, Petitioner must file his habeas petition with this Court within three months after a final adverse ruling on his state habeas petition and on his motion for a

sufficient time in which to fully exhaust his issues in the state courts and return to federal court.

Additionally, while there is no indication that Petitioner's failure to previously pursue his jurisdiction and jury instruction claims resulted from "intentionally dilatory tactics, *see Rhines*, 544 U.S. at 278, 125 S. Ct. at 1535, Petitioner has not shown good cause for failing to fully exhaust all of his claims in the state courts before seeking federal habeas review. Lastly, Petitioner's jurisdiction and jury instruction claims appear to concern matters of state law which do not ordinarily warrant federal habeas relief. Under such circumstances, a stay is unwarranted and a non-prejudicial dismissal of the petition is appropriate.

## Conclusion

For the reasons stated, the Court concludes that Petitioner has two matters pending in the state courts concerning the convictions at issue in this case and that a stay of the proceedings is unwarranted. Accordingly, the Court **DENIES** Petitioner's motion to hold the habeas petition in abeyance and **DISMISSES WITHOUT PREJUDICE** the petition for a writ of habeas corpus. Given this decision, the Court **DENIES WITHOUT PREJUDICE** Petitioner's motions for an evidentiary hearing and for the appointment of counsel. The Court makes no determination as to the merits of Petitioner's claims.

**SO ORDERED**.

---

new trial.

s/PATRICK J. DUGGAN
UNITED STATES DISTRICT JUDGE

Copy to:
Phillip Brown, #271566
Muskegon Correctional Facility
2400 S. Sheridan
Muskegon, MI 49442